HANDLIN *v.* WICKLIFFE.

The appointment by Brigadier-General Shepley, during the late rebellion, of W. W. Handlin as judge of the Third District Court of New Orleans, then occupied by the government troops and under a military governor appointed by the President, was an appointment purely military, authorized only by the necessities of military occupation, and subject to revocation whenever in the judgment of the military governor, revocation should become necessary or expedient.

It was accordingly revocable by Governor Hahn in his capacity of military governor (which he was by appointment of the President), in case the adoption of the constitution (which some asserted was adopted), during the war under military orders, and the election of Hahn as governor, did not affect the military occupation; and in case it did, and

* The Quickstep, 9 Wallace, 670; The Clement, 2 Curtis, 363.

bring a civil constitution of the State into full operation, independent of military control, then the authority derived from the appointment of Brigadier-General Shepley ceased of necessity, and the office became vacant.

ERROR to the Supreme Court of Louisiana; the case being thus:

During the late civil war, when the State of Louisiana was occupied by the troops of the United States, Brigadier-General G. F. Shepley, who had been appointed military governor of the State, commissioned W. W. Handlin as judge of the Third District Court of New Orleans. Handlin took the prescribed oath and entered upon the duties of his office. Subsequently, while the war was yet flagrant, a constitution was adopted for the State, under military orders, by a portion of its citizens, and Michael Hahn was elected governor, and was also appointed military governor in place of Shepley by the President. Handlin, who remained judge after the election and appointment of Hahn, was removed from office by him on account, as it appeared, of a decision to the effect that slavery still existed in the parish of New Orleans, which had been exempted by President Lincoln from the operation of the Proclamation of Emancipation. Asserting that, notwithstanding this removal, he remained of right in office and was entitled to its salary, Handlin, after the final suppression of the rebellion and reconstruction of the State, sued out a writ of mandamus in one of the inferior State courts of Louisiana against Wickliffe, the auditor of public accounts of the State, to compel payment. The judgment of the court was against him and the mandamus was dismissed. An appeal having been taken to the Supreme Court of the State and the judgment affirmed, Handlin now brought the case here by writ of error.

*Messrs. W. W. Handlin, C. Cushing, and J. T. Drew, for the plaintiff in error; Mr. T. J. Durant, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

It is too clear for argument that the appointment of the relator as judge was purely military, authorized only by the

necessities of military occupation, and was subject to revocation whenever, in the judgment of the military governor, revocation should become necessary or expedient. The adoption of the constitution during the war, under military orders, and the election of Hahn as governor, did not affect the military occupation, in the judgment of .the national authorities, for Hahn was appointed military governor by the President. If the situation was not changed, Hahn, as military governor, had the same right as his predecessor to revoke the appointment of judge. If it was changed and the civil constitution of the State was in full operation, independent of military control, the authority derived from the appointment by the military governor .designated by the President ceased of. necessity. The office became vacant, and Hahn had whatever authority the State constitution conferred to enforce the vacancy by removal, and to fill it by a new appointment. We are unable to approve the reasons assigned for removal, but we cannot doubt the power. The judgment of the Supreme Court of Louisiana is there-fore

AFFIRMED.